UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCES OJEDA,

                Plaintiff,

         -against-

STEPHEN VILLANO,

                Defendant.

1:19-CV-3941 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Frances Ojeda, of Pahrump, Nevada, brings this *pro se* action under the Court's diversity jurisdiction. She sues Stephen Villano, of the Bronx, New York.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

---

[1] Plaintiff originally filed her complaint in the United States District Court for the Eastern District of New York, where she paid the relevant fees to bring this action. That court then transferred the action to this Court. *Ojeda v. Villano*, 1:19-CV-2276 (E.D.N.Y. Apr. 26, 2019).

## BACKGROUND

Plaintiff alleges that Villano

> (1) . . . has treated my life [and] every step I make as if he owns it or as if I am his property [and] not a human being, (2) . . . has [and] is violating my personal privacy without consent or due process in any/all matters, (3) . . . has been interfering with efforts for me to gain employment, how I choose to live my life [and] all aspects pertaining to life matters without any just cause to do so. [Villano] has also slandered my name [and] is still doing so making finding gainful employment a hardship, (4) [is] [d]amaging my reputation [and] relationships by means of unfounded accusations about my life [and] lifestyle [and inappropriate] behaviors he has caused me to deal with on a daily basis, (5) . . . has been causing me stress [and] disarray in all aspects of my life for over 3 years, (6) . . . has caused constant [harassment] on my everyday life, [and] (7) . . . has put me into some kind of game or competition that I do not wish to be part of due to what it has caused my life . . . .

(ECF 1, pp. 7-9.) She also alleges that Villano violated her "civil rights [and] liberties." (*Id.* p. 12.)

Plaintiff seeks as relief: (1) the return of her "life to the standards [and] respectable upfront behaviors of all law abiding citizens [and] U.S. citizens are born to have in this country," (2) "restitution[,] for the loss of gainful employment for the past 3 ½ years," and because "finding gainful employment [has become] a hardship," and (3) revocation of "any rights [Villano] has obtained toward my life [as well as revocation of] any [and] all access [Villano has to] my personal devices or property . . . ."(*Id.* pp. 10-12.) But Plaintiff's complaint does not specify an amount in controversy.[2]

## DISCUSSION

### A. Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's subject

---

[2] In her proposed default judgment, Plaintiff seeks a total of $105,400 against Villano. (ECF 7, p. 1.)

matter jurisdiction is available only when a "federal question" is presented or, if the plaintiff asserts state-law claims under the Court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte,* at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that she and the defendant are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). The plaintiff must also allege to a "reasonable probability" that her claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). The sum claimed by the plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). It is the Court's duty, however, to dismiss an action where it is "convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [minimum statutory jurisdictional amount.]" *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966)) (alteration in original, internal quotation marks omitted).

Plaintiff asserts claims under state law under the Court's diversity jurisdiction.[3] She alleges the she is a citizen of Nevada and that Villano is a citizen of New York. But she has not alleged any facts to show that there is a reasonable probability that her claims are in excess of the sum or value of $75,000, the jurisdictional amount for a diversity action. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which she alleges sufficient facts to show that the Court has diversity jurisdiction to consider her claims – she must allege facts that show that the amount in controversy exceeds the sum or value of $75,000.

**B.     Leave to amend**

The Court grants Plaintiff leave to file an amended complaint to detail her claims. In her amended complaint's statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. The Court also directs Plaintiff to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

   a) give the names and titles of all relevant persons;

   b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

   c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

   d) give the location where each relevant event occurred;

   e) describe how each defendant's acts or omissions injured Plaintiff and describe the injuries that she suffered; and

---

[3] In documents she has filed in support of her effort to obtain a default judgment, Plaintiff seems to assert that she brings this action under the Court's federal question jurisdiction. (ECF 9, p. 1; ECF 11, p. 1.) But any references to federal question jurisdiction in those documents are to the cause-of-action code erroneously assigned to this action's ECF docket. It is clear from Plaintiff's complaint that she is asserting claims under the Court's diversity jurisdiction. (ECF 1, p. 4.)

    f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* injured Plaintiff; *what* facts show that Plaintiff was injured; *when* such injuries occurred; *where* such injuries occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-3941 (CM). An Amended Complaint form is attached to this order. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action for lack of subject matter jurisdiction.[4] *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[4] The Court will not consider Plaintiff's motion for default judgment until after she has filed an amended complaint in compliance with this order.

5

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 20, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge